NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LISA ANNETTE DEVIVO,

Plaintiff,

v.

JUDGE CHRISTINA O'HEARN, *in her individual and official capacity*,

Defendant.

Civil Action No. 25-16057 (RK) (JTQ)

**MEMORANDUM ORDER**

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon an application to proceed *in forma pauperis*, ("IFP," ECF No. 8), filed by *pro se* Plaintiff Lisa Annette Devivo ("Plaintiff"), along with a Complaint, ("Compl.," ECF No. 1). For the reasons set forth below, the Court **DENIES** Plaintiff's application to proceed *in forma pauperis* and **DISMISSES** the Complaint.

**I.    BACKGROUND**

While the details in *pro se* Plaintiff's Complaint are sparse, it appears Plaintiff is dissatisfied with rulings previously made by the Honorable Christine P. O'Hearn, U.S.D.J., who has presided over at least six prior cases filed by Plaintiff.[1] *See Devivo v. Franceschinni*, No. 24-5639, ECF No. 2 (D.N.J.) (matter dismissed for failure to pay filing fee or submit application to proceed *in forma pauperis*); *Devivo v. Hendricks, et al.*, No. 25-3870, ECF No. 12 (D.N.J.) (matter dismissed for lack of jurisdiction); *Devivo v. State of New Jersey Various Judicial, Law Enforcement and Entities & Individuals, et al.*, No. 25-13624, ECF No. 2 (D.N.J.) (matter

---

[1] With her Complaint, Plaintiff filed an exhibit that contained a number of court filings and docket sheets across her other matters proceeding in this District. (*See* ECF No. 1-2.) Plaintiff has since filed a number of letters and affidavits urging the Court to treat this matter as emergent. (*See, e.g.*, ECF Nos. 6, 7, 9, 12, 14.)

dismissed for failure to pay filing fee or submit application to proceed *in forma pauperis*); *Devivo v. Superior Court of New Jersey, et al.*, No. 24-8430, ECF No. 7 (D.N.J.) (matter dismissed for lack of jurisdiction); *Devivo v. Hendricks, et al.*, No. 25-14704, ECF No. 17 (D.N.J.) (matter dismissed for lack of jurisdiction).

Plaintiff alleges that she is the victim of a "decades-long scheme of identity theft and fraud," which includes "fabricated names, fractured records, and phantom filings across jurisdictions." (Compl. ¶¶ 7, 9.) By dismissing her prior cases, Plaintiff alleges that Judge O'Hearn "buried the truth, refused to correct the record, and allowed the fraud to continue." (*Id.* ¶ 8.) She also alleges that Judge O'Hearn did not disqualify herself in a case to which she was a party. (*Id.* ¶ 6.) However, records from that case clearly show that Judge O'Hearn was *not* a named defendant; indeed, Judge O'Hearn herself explained:

> While Plaintiff refers to the undersigned as a named defendant in some of her filings, *see e.g.*, ECF No. 16 at 2, Judge O'Hearn is not a named defendant in either the original or Amended Complaint. *See* ECF Nos. 1, 6. Because a complaint cannot be amended through letter submissions, *see Syder v. Express Servs.*, No. 20-11013, 2021 WL 3674345, at *5 (D.N.J. Aug. 18, 2021) (citation omitted) ("Amendment via statements in briefs is ineffectual."), Judge O'Hearn is not a defendant in this matter, and Local Civil Rule 40.1(g)–(h) does not apply.

*Devivo v. Hendricks, et al.*, No. 25-14704, ECF No. 17 at 1 n.1.

Plaintiff asserts constitutional claims under 42 U.S.C. § 1983, a claim for obstruction of justice, and a "[r]eserved RICO [c]laim." (Compl. at 2–3.) In terms of relief, she seeks that all orders issued by Judge O'Hearn be declared void, that a jury trial in this case be set immediately, that interim relief be granted in *Devivo v. Hendricks, et al.*, No. 25-14704 (D.N.J.), and that Judge O'Hearn be removed from the bench. (*Id.* at 5.)

Following the filing of her Complaint, Plaintiff filed an application to proceed *in forma pauperis*. (*See generally* IFP.) Though the application is not entirely filled out, Plaintiff appears to

allege she has not made any income in the last three years (*id.* at 2), but that her expenses total at least $1,900 per month (*id.* at 4–5).

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a plaintiff to proceed *in forma pauperis* and order a complaint to be filed without requiring the prepayment of filing fees. The statute "is designed to ensure that indigent litigants have *meaningful* access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)), section 1915(e) empowers the District Court to dismiss an *in forma pauperis* complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

Thus, the District Court engages in a two-step analysis when considering a complaint filed with an *in forma pauperis* application: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

## III. DISCUSSION

### A. IN FORMA PAUPERIS APPLICATION

In order to proceed *in forma pauperis,* section 1915(a) requires plaintiffs to submit "an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the 'nature of the action,' and the 'belief that the [plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting 28 U.S.C.

3

§ 1915(a)). In the IFP application, the plaintiff "must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Gross v. Cormack*, No. 13-4152, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (quoting *Simon v. Mercer Cnty. Comm. College*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011)).

While Plaintiff's *in forma pauperis* application indicates she has not earned any income since January 2022 (IFP at 1–2), and that she has monthly expenses that total nearly $2,000 (*id.* at 4), a significant portion of the application has either been left blank or is internally inconsistent. (*See id.* at 1 (directing applicants to "not leave any blanks").) Thus, the application "does not include sufficient information for the Court to properly evaluate it or to confirm whether Plaintiff is able to pay the court fees." *Hedgepeth v. Helen Fuld Hosp.*, No. 22-6029, 2023 WL 4108510, at *1 (D.N.J. June 21, 2023). For example, while Plaintiff wrote in her application that she pays $1,200 in monthly mortgage payments, $250 in monthly food expenses, $300 in monthly transportation expenses, and $150 in "[o]ffice supplies legal" expenses, she inconsistently writes that she pays "$0" in total monthly expenses. (IFP at 4–5.) What's more, much of the *in forma pauperis* form has been left blank. (*See, e.g., id.* at 3 (motor vehicle section blank), 4 (clothing, laundry, medical, recreation, insurance, and taxes sections left blank).) Lastly, albeit with no stated income or liquid assets set forth in the application, Plaintiff somehow claims she has spent, or will spend, $125,000 on this case.[2] (*Id.* at 5.) Therefore, because it is incomplete and inconsistent, the Court **DENIES** Plaintiff's *in forma pauperis* application.

### B. REVIEW OF COMPLAINT

Although a court is not required to conduct a screening of a complaint after denying an *in forma pauperis* application, the Third Circuit has endorsed a "flexible approach" that allows a

---

[2] The Court also notes that Plaintiff indicated that she expected "major changes" to her monthly income or expenses (or her assets or liabilities) during the next 12 months. (IFP at 5.) The *in forma pauperis* application directed Plaintiff to "describe on an attached sheet" these expected changes. (*Id.*) As per the

4

court to dismiss a case "at any time . . . regardless of the status of a filing fee." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019). The Court proceeds to screen Plaintiff's Complaint here in an effort to "conserve judicial resources" later. *See id.*

The Court may dismiss any claims that are "(i) . . . frivolous or malicious; (ii) fail[] to state a claim upon which relief may be granted; or (iii) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Plaintiff's Complaint must be dismissed because Judge O'Hearn is protected from suit by judicial immunity. Under this doctrine, "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). To be sure, judicial immunity "is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). The doctrine applies even where a judge's actions were taken "in error," "done maliciously," were "in excess of [her] authority," or where a plaintiff alleges "malice or corruption of motive" on the part of the judge. *Lee v. Gallina-Mecca*, No. 21-20197, 2022 WL 4354724, at *5 (D.N.J. Sept. 19, 2022) (citations omitted), *aff'd*, No. 22-2871, 2023 WL 5814783 (3d Cir. Sept. 8, 2023). "The immunity is only lost where the judge's actions that gave rise to suit were: (1) nonjudicial in nature; or (2)

---

application's directive, Plaintiff attached an "Affidavit of Judicially Induced Poverty and Standing Correction," which makes no reference to her finances in the coming months, but rather, includes non-responsive representations such as "I do not appear 'pro se.' That label is a suppression tactic. I appear as Lisa Annettee DeVivo, sui juris – fully competent, fully standing, and fully anchored in law. I waive nothing." (IFP at 6.)

5

were 'taken in the complete absence of all jurisdiction.'" *Andrews v. Hens-Greco*, 641 F. App'x 176, 179 (3d Cir. 2016) (quoting *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000)).

Here, it is clear that the actions by Judge O'Hearn that gave rise to suit were entirely judicial in nature. Plaintiff alleges that Judge O'Hearn "adjudicated" and "dismissed" a case (namely, *Devivo v. Hendricks, et al.*, No. 25-14704 (D.N.J.)), and by extension, "refus[ed] to correct unlawful acts" and "conceal[ed] the truth." (Compl. at 2–3.) Indeed, Plaintiff primarily asks the Court to "void" Judge O'Hearn's orders and grant relief that Judge O'Hearn declined to grant herself. (*Id.* at 5.) Judge O'Hearn's alleged actions—adjudications, dismissals, and refusals to grant requested relief—are "quintessential judicial functions" that are "shielded from liability." *Elrich v. Alvarez*, No. 20-6398, 2021 WL 2284108, at *7 (D.N.J. June 4, 2021) (citing *Gallas*, 211 F.3d at 770). Thus, Plaintiff has not demonstrated that Judge O'Hearn's acts were non-judicial in nature.

Nor can Plaintiff demonstrate that Judge O'Hearn acted in the absence of all jurisdiction. While Plaintiff argues that Judge O'Hearn acted "in the clear absence of jurisdiction" by adjudicating "her own case," (Compl. at 3) the Court hereinabove concluded that Judge O'Hearn was *not* a named defendant in the case Plaintiff references. *See Devivo v. Hendricks, et al.*, No. 25-14704, ECF No. 17 at 1 n.1. Accordingly, because Plaintiff cannot show that an exception to judicial immunity applies, Judge O'Hearn is shielded by judicial immunity, and Plaintiff's claims against her must be dismissed with prejudice. *See, e.g., Thomas v. Bumb*, No. 24-1046, 2024 WL 816068, at *3 (D.N.J. Feb. 27, 2024) (dismissing claims against federal judges with prejudice); *Dodson v. U.S. Dist. Ct., Dist. of N.J.*, No. 23-22433, 2023 WL 8232895, at *3 (D.N.J. Nov. 28, 2023) (same), *appeal dismissed sub nom. Dodson v. U.S. Dist. Ct. for Dist. of N.J.*, No. 23-3172, 2024 WL 2880623 (3d Cir. Feb. 28, 2024).

**THEREFORE**, it is on this 22nd day of October, 2025, **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis*, (ECF No. 8), is **DENIED**;

2. Plaintiff's Complaint, (ECF No. 1), is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e);

3. The Clerk's Office is directed to **CLOSE** this case; and

4. The Clerk's Office shall serve on Plaintiff by regular U.S. mail this Memorandum Order to her address of record.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**